UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
MOATAZ ABDELHAMID, Personal                             :
Representative of the Estate of Shereen                 :
Gazayerli-Abdelhamid,                                   :
                                                        :
                    Plaintiff,                          :
                                                        :    **MEMORANDUM OPINION**
          - against -                                   :    **AND ORDER**
                                                        :
ALTRIA GROUP, INC., a Virginia                          :    06 Civ. 3927 (SAS)
corporation, PHILIP MORRIS                              :
INTERNATIONAL, a Delaware                               :
corporation, PHILIP MORRIS                              :
PRODUCTS S.A., a Switzerland                            :
corporation, and LOUTFY MANSOUR                         :
DISTRIBUTION COMPANY, an Arab                           :
Republic of Egypt Company, jointly and                  :
severally,                                              :
                                                        :
                    Defendants.                         :
------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Moataz Abdelhamid, the Personal Representative of the Estate of Shereen Gazayerli-Abdelhamid, brings this action for negligence and gross negligence against Altria Group, Inc. ("Altria"), Philip Morris International ("PMI"), Philip Morris Products S.A. ("PMP"), and/or Loutfy Mansour Distribution Company ("Mansour") in connection with the death of his wife,

...
...
...
...

Shereen Gazayerli-Abdelhamid, by electrocution in Cairo, Egypt.[1] Altria and PMI now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Abdelhamid has failed to state a claim for which relief can be granted. I can neither grant nor deny this motion at this time because there are conflict of law issues to be resolved. Whether Abdelhamid has stated a negligence claim against Altria and PMI on a theory of joint enterprise or joint venture liability depends on how the applicable law defines that claim, if the applicable law is in conflict with New York law.

"[I]n diversity cases the federal courts must follow conflict of laws rules prevailing in the states in which they sit."[2] Because this case was brought in the Southern District of New York, New York choice of law rules will apply for the purpose of determining which state's or country's law defines whether Abdelhamid has stated a negligence claim against Altria and PMI as joint venturers. "The New York Court of Appeals has held that 'the relevant analytical approach to choice of law in tort actions in New York' is the '[i]nterest

---

[1] *See generally* Plaintiff's First Amended Complaint and Demand for Jury Trial ("Compl.").

[2] *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494 (1941). *Accord Wall v. CSX Transp., Inc.*, 471 F.3d 410, 415 (2d Cir. 2006).

analysis.'"[3] Under the interest analysis, "'[t]he law of the jurisdiction having the greatest interest in the litigation will be applied and . . . the [only] facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict.'"[4] Significant facts or contacts consist of, "'almost exclusively, the parties' domiciles and the locus of the tort . . . .'"[5]

"Under the interest-analysis test, torts are divided into two types, those involving the appropriate standards of conduct, rules of the road, for example and those that relate to allocating losses that result from admittedly tortious conduct . . . such as those limiting damages in wrongful death actions, vicarious liability rules, or immunities from suit."[6] Abdelhamid's claim involves both conduct-regulating rules (negligence and gross negligence) and loss-allocating rules (joint enterprise liability resulting in joint and several liability). When conduct-regulating rules are at issue, "'the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest

---

[3] *GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 384 (2d Cir. 2006) (quoting *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197 (1985)).

[4] *Id.* (quoting *Schultz*, 65 N.Y.2d at 197) (additional citations omitted).

[5] *Id.* (quoting *Schultz*, 65 N.Y.2d at 197).

[6] *Id.* (quotation marks and citations omitted).

in regulating behavior within its borders.'"[7] Here, the accident occurred in Egypt, and therefore Egyptian law applies to Abdelhamid's claim for negligence and gross negligence, as Egypt has the greatest interest in regulating negligent behavior within its borders.

When loss-allocating rules are at issue, and the location of the accident is the domicile of one or both of the parties, the interest analysis will turn mainly on consideration of the parties' domiciles.[8] However, if, as here, "the injured party and the defendant reside in different jurisdictions and the accident occurred in a third jurisdiction, the law of the place of the accident presumptively applies" for loss-allocation as well.[9] "That presumption may be overcome . . . if 'it can be shown that displacing [the law of the third jurisdiction] will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.'"[10] Thus, Egyptian law will also apply to Abdelhamid's theory of joint enterprise liability, unless

---

[7]    *Id.* (citing *Cooney v. Osgood Mach., Inc.*, 81 N.Y.2d 66, 72 (1993)).

[8]    *See Brink's Ltd. v. South African Airways,* 93 F.3d 1022, 1031 (2d Cir. 1996) (citing *Cooney*, 81 N.Y.2d at 72).

[9]    *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 13 (2d Cir. 1996) (citing *Neumeier v. Kuehner*, 31 N.Y.2d 121, 128 (1972)).

[10]   *Id.* (quoting *Neumeier*, 31 N.Y.2d at 128).

either party can show that Egypt's law ought to be "displac[ed]."

"Choice of law does not matter, however, unless the laws of the competing jurisdictions are actually in conflict."[11] The parties have not yet briefed the issue of whether New York law (the law of the forum state) and Egyptian law are actually in conflict with respect to negligence and joint enterprise liability. If the "'applicable law from each jurisdiction provides different substantive rules,'" then a conflict exists and Egyptian law will apply, as discussed above.[12] "In the absence of substantive difference . . . a New York court will dispense with choice of law analysis; and if New York law is among the relevant choices, New York courts are free to apply it."[13]

Because New York law will likely apply if the relevant Egyptian law presents no conflict with New York law, the parties are ordered to brief: (1) whether the relevant Egyptian law of negligence and joint enterprise liability conflicts with New York law, and, if so, what is the Egyptian law on those issues; (2) if there is no conflict, whether there is any reason why the law of a jurisdiction

---

[11] *International Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004) (citing *In re Allstate Ins. Co. ("Stolarz")*, 81 N.Y.2d 219, 223 (1993)).

[12] *Id.* (citing *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998)).

[13] *Id.* at 143-44 (citing examples).

5

other than New York ought to apply; and (3) if Egypt's law of joint enterprise liability *does* conflict with New York law, whether Egypt's law ought to be "displaced" in favor of New York law, or the law of any of the parties' domicile-states, under a loss-allocating interest analysis.

Supplemental briefing is limited to ten double-spaced pages and shall be served no later than May 21, 2007. Replies are limited to five double-spaced pages and must be served no later than May 29, 2007.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         May 7, 2007

- Appearances -

**For Plaintiff:**

Vernon R. Johnson, Esq.
Fieger, Fieger, Kenney & Johnson, P.C.
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555

**For Defendant Philip Morris International, Inc.:**

Lonnie D. Nunley III, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 788-8200

**For Defendant Altria Group, Inc.:**

Brian V. Otero, Esq.
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
(212) 309-1000